**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000891**
**21-FEB-2013**
**10:16 AM**

NO. CAAP-11-0000891

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
JEFFREY LAMAR TUNLEY, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR NO. 09-1-2151)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Jeffrey Lamar Tunley ("Tunley") appeals from the Order Resentencing (Modified), filed on October 25, 2011, in the Family Court of the First Circuit ("Family Court").[1]

On February 25, 2010, the Family Court found Tunley guilty of Criminal Contempt of Court, in violation of Hawaii Revised Statutes § 710-1077(1)(g) (1993). In a summary disposition order in appellate case No. 30400, dated March 28, 2011, this court vacated the original judgment and remanded the case for entry of a judgment stating the particular circumstances of the offense committed by Tunley and for re-sentencing before a different judge. On September 16, 2011, the Family Court entered the Findings and Judgment of Criminal Contempt of Court. On October 25, 2011, the Family Court filed the Order Resentencing

---

[1]    The Honorable Darryl Y.C. Choy presided over the re-sentencing.

(Modified), which imposed a seven-day jail term.

On appeal, Tunley contends that (1) the Family Court erred by admitting the testimony of Officer Will Scott regarding the distance between Tunley and the complaining witness ("CW") as measured by a strollometer because the State failed to lay sufficient foundation concerning its accuracy and (2) there was insufficient evidence that Tunley approached or came within 100 feet of or contacted the CW in violation of a temporary restraining order ("TRO").

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Tunley's points of error as follows:

The State concedes that the Family Court erred by admitting the testimony of Officer Scott regarding the distance measured by a strollometer. Even if we were to conclude that the Family Court abused its discretion in admitting the distance measurement without sufficient foundation, however, we agree with the State that this does not render Tunley's conviction infirm because there was substantial evidence that Tunley violated the TRO issued against him on September 25, 2009 by contacting the CW. Tunley was prohibited from knowingly approaching or coming within 100 feet of the CW and from contacting the CW.[2]  *See* HAW. REV. STAT. § 710-1077(1)(g). Viewing the evidence in the strongest light for the prosecution, *State v. Matavale*, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007), Tunley

---

[2]      The TRO mandated that Tunley not "contact, write, telephone, or otherwise electronically contact (recorded message, pager, email, text message, instant message, etc.)" the CW.

contacted the CW in violation of the TRO.

The CW testified that it was her daily routine to go to the Diamond Head Bark Park in the morning and that Tunley had sometimes accompanied her there while they were still dating.[3] The CW testified that Tunley did not live close to the dog park and had started exercising at a nearby location only after she and Tunley had stopped dating. Until that time, she said, she did not know Tunley to ever exercise. She also testified that prior to the issuance of the TRO, Tunley said to her: "I can go to the dog park every morning and every night and whatever happens, happens." The CW testified that on September 29, 2009, as she followed her dogs through the dog park, she noticed Tunley standing across the street from her, clasping his hands together and wriggling his wrists back and forth, looking straight at her, and grinning. The CW testified that Tunley remained there for at least a minute as she called the police.

Tunley argues that he cannot be convicted of violating the no-contact provision absent some sort of "verbal or linguistic communication." We disagree. The TRO prohibits contacting, writing, telephoning, or otherwise electronically contacting the CW. The common element to these proscribed acts is communication. *Accord Cooper v. Cooper*, 144 P.3d 451, 458 & n.19 (Alaska 2006); *see also Merriam-Webster's Collegiate Dictionary* 268 (11th ed. 2003) (defining contact as "an

---

[3] Honolulu Police Department Officer William Lau testified that on September 25, 2009, he served a TRO on Tunley that prohibited Tunley from coming within 100 feet of or making contact with CW. According to Officer Lau, Tunley said that he "always visited [Diamond Head Bark Park]." Officer Lau warned Tunley that it was "best to stay away from there because you never -- you don't want to make a mistake and get arrested, you know, as far as the distance goes."

3

establishing of communication with someone or an observing or receiving of a significant signal from a person or object"). Tunley's lengthy staring and grinning at the CW were, while perhaps ambiguous, nonetheless communicative expressions. Based on the aforementioned context and the facts surrounding Tunley's contact with the CW, the Family Court was entitled to conclude that Tunley knowingly made contact with the CW in violation of the restraining order. *See State v. Stanley*, 110 Hawai'i 116, 124, 129 P.3d 1144, 1152 (App. 2005); *see also Cooper*, 144 P.3d at 458 ("contact must involve some element of direct or indirect communication and does not merely mean coming within view"); *State v. Lindell*, No. 11-0822, 2012 WL 2819328, at *4 (Iowa Ct. App. July 11, 2012) (holding that eye contact between five and ten seconds violated an order prohibiting contact of any kind).

Therefore,

IT IS HEREBY ORDERED that the October 25, 2011 Order Resentencing (Modified), filed in the Family Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawai'i, February 21, 2013.

On the briefs:

Pedric T. Arrisgado,
Deputy Public Defender,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge